UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISON

| | |
|---|---|
| **JEFFERY MARION** | **PLAINTIFF** |
| VS. | CASE NO.: 1:23-cv-00340-HSO-RPM |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **DEFENDANT** |

**AMENDED COMPLAINT**
(Jury Trial Requested)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Jeffery Marion, Plaintiff in the above entitled and numbered cause, complaining of and against State Farm Fire and Casualty Company, Defendant herein, and for cause of action would respectfully show unto the Court as follows:

**I. DISCOVERY CONTROL PLAN**

**1.**

Discovery is intended to be conducted pursuant to Fed. R. Civ. P. 26.

**II. PARTIES**

**2.**

Plaintiff JEFFERY MARION is an adult resident of the County of Harrison, in the State of Mississippi.

**3.**

Defendant **STATE FARM FIRE AND CASUALTY COMPANY** is an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of Mississippi, which may be served through its Registered Agent for Service of Process, United

States Corporation Company 109 Executive Drive, Suite 3, Madison, MS 39110.

### III. VENUE AND JURISDICTION

**4.**

This action was originally filed in the Circuit Court of George County, Mississippi. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division of the original action.

### IV. PROCEDURAL HISTORY

**5.**

This action was originally filed in the Circuit Court of George County, Mississippi and was assigned Case number 20CI1:23-cv-00229-KJ. The Defendant removed the action to the United States District Court Southern District of Mississippi Southern Division on October 17, 2023, and a new case number was assigned, 1:23-cv-274 HSO-RPM. The original pleading contained multiple Plaintiffs with individual claims, and the Defendant requested severance of the plaintiff's claims. An Order for Severance was granted on November 29, 2023. This action was then assigned the current Cause number in this matter, 1:23-cv-340 HSO-RPM.

### V. RELEVANT FACTS

**6.**

At all relevant times, Jeffery Marion owned the property located at 11875 Summer Haven Circle, Gulfport, MS 39503 (the "Summer Haven Circle Property").

**7.**

At all relevant times, State Farm Fire and Casualty Company provided a policy of insurance, number 24-CM-6462-5 (the "Summer Haven Circle Policy"), to Jeffery Marion which covered the Summer Haven Circle Property against perils including wind and provided

the following coverages: $199,100.00 for Dwelling; $19,910.00 for Other Structures; $149,325.00 for Personal Property; and $59,730.00 for Loss of Use, *inter alia*. Exhibit 1.[1]

**8.**

On or around October 28, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi, and extending to Polk Road Property in George County, Mississippi and the Summer Haven Circle Property in Harrison County, Mississippi.

**9.**

As a result of the storm, the Summer Haven Circle Property sustained significant damage, specifically involving, but not limited to, damage to both roofs and siding as well as interior damage caused by water intrusion due to the external damages.

**10.**

Jeffery Marion promptly reported the loss to State Farm Fire and Casualty Company, who assigned it claim number 24-13D0-69B (the "Summer Haven Circle Claim").

**11.**

On or about September 29, 2022, Defendant inspected the Summer Haven Circle Property and documented damages to the dwelling and requiring debris removal. The inspection was brief and failed to document the full scope of damages, resulting in an estimate grossly underreporting the extent of damage. After over-depreciating the loss and applying the Summer Haven Circle Policy's deductible, Defendant did not allow any benefits under the Summer Haven Circle Policy for damages to the Dwelling, Personal Property, or Loss of Use.

**12.**

The inspection of the Property constituted satisfactory proof of loss, as that term is used

---

[1] Attached here, Exhibit A, as if pled verbatim in this Complaint.

in conjunction with Mississippi's proof of loss requirements.

**13.**

Upon realizing that Defendant would not adjust his claim fairly or accurately, the Plaintiff retained independent adjuster Exact Building Consultants, Inc. to inspect the Property and value their damages.

**14.**

Exact Building Consultants, Inc. inspected the Summer Haven Circle Property on or about June 8, 2022, and documented $120,301.43 in damages to the Dwelling. Exhibit B.[2]

**15.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**16.**

No further payments have been made.

**17.**

Defendant has filed and refused to evaluate the information and surrounding facts regarding the Plaintiff's covered claims, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

**18.**

Defendant has persisted in refusing to pay the full amount due to the Plaintiff's claims. No reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the policies.

**19.**

---

[2] Attached here, Exhibit B, as if pled verbatim in this Complaint.

Defendant's failure to comply with the terms of its own policies caused and continues to cause significant delay to repair of the Properties.

**20.**

At all relevant times, Plaintiff have complied with their obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

**21.**

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to the Plaintiff after having received satisfactory proof of loss.

**22.**

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to the Plaintiff the terms and conditions of the policies.

**23.**

Upon information and belief, Defendant conducted the investigation and claims handling for the Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

**24.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**25.**

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

**26.**

The Plaintiff have incurred and will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**27.**

As a result of State Farm Fire and Casualty Company failure to timely and adequately compensate the Plaintiff for their covered loss, they were forced to incur the expenses of retaining counsel and other expenses to prosecute their claims.

**28.**

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to the Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

### VI. CAUSES OF ACTION

**A. Breach of Contract**

**29.**

The Plaintiff reallege and re-aver the allegations contained in paragraphs 1-28, above, as if restated herein.

**30.**

Defendant owes a duty to its policyholders to make prompt and proper payment for all claims, to make its policy limits available to the insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

**31.**

The Plaintiff have now suffered covered losses under the policies.

**32.**

State Farm Fire and Casualty Company breached its contractual duties and failed to provide reasonable and adequate insurance coverage to the Plaintiff by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

b. Purposely and/ or negligently misrepresenting to the Plaintiff the terms and conditions of the policies.

c. Failing to conduct the claims handling for the Plaintiff's claims in good faith and with fair dealing;

d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

e. Failing to include adequate overhead and profit in its estimates of damages.

**33.**

The Plaintiff have suffered and continues to suffer damages as a result of these breaches of the policies.

**B. Bad Faith**

**34.**

The Plaintiff reallege and re-aver the allegations contained in paragraphs 1-33, above, as if restated herein.

**35.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to the Plaintiff in the handling and administration of their property damage claims.

**36.**

The actions and/ or inactions of State Farm Fire and Casualty Company in failing to timely and adequately compensate the Plaintiff for their covered losses under the policies were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making State Farm Fire and Casualty Company liable for bad faith penalties.

**37.**

Defendant State Farm Fire and Casualty Company breached this duty by failing to provide payment for property damage in a reasonable manner.

**38.**

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

**39.**

Defendant either knew or should have known that the Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

**40.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by the Plaintiff, and but for their breach the harm suffered by the Plaintiff would have been avoided.

**41.**

Defendant's refusal to tender payment was deliberate, without excuse or justification, and

therefore shows bad faith conduct under the laws of the State of Mississippi.

### C. DAMAGES

**42.**

The Plaintiff reallege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

**42.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, the Plaintiff have incurred the following, non-exclusive damages:

a. Diminution of the value of the Properties;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Properties;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

### VII. JURY DEMAND

**43.**

The Plaintiff demand a trial by jury to resolve all fact issues in this case. The Plaintiff request that this matter be tried before a jury.

### VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff pray that the Defendant be cited to

appear and answer herein, and that upon final trial hereof, the Plaintiff recover from said Defendant, individually, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which the Plaintiff may be justly entitled.

                                                Respectfully submitted,

                                                **WEBSTER VICKNAIR MACLEOD**

                                                By: _____
                                                JASON C. WEBSTER
                                                MS Bar no. 100920
                                                6200 Savoy Dr. Ste. 150
                                                Houston, Texas 77036
                                                (713) 581-3900 (telephone)
                                                (713) 581-3907 (facsimile)
                                                filing@wvmlaw.com